Filed 3/28/23

**CERTIFIED FOR PARTIAL PUBLICATION\***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>MARVYN OSBELI<br>BAUTISTA-CASTANON,<br><br>        Defendant and Appellant. | A162579<br><br>(San Mateo County Super. Ct.<br>No. 18-NF-006137-A) |

A jury convicted defendant Marvyn Osbeli Bautista-Castanon of sexual penetration of a child who was 10 years of age or younger and commission of a lewd act upon a child under 14 years of age. The trial court imposed a prison sentence of 15 years to life. In this appeal, Bautista-Castanon contends, and the Attorney General concedes, that recent legislative changes require a remand for resentencing, although the parties disagree as to some issues and as to certain aspects of what should occur on remand. For the reasons we explain below, we will vacate Bautista-Castanon's sentence and remand for resentencing.

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II.E.–F.

# I. BACKGROUND[1]

The prosecution presented evidence that Bautista-Castanon digitally penetrated his four-year-old niece while babysitting her.  Evidence included the victim's statements, Bautista-Castanon's pretrial admissions, and DNA evidence.

An information filed in August 2018 charged Bautista-Castanon with sexual penetration of a child who was 10 years of age or younger (Pen. Code,[2] § 288.7, subd. (b); count 1) and commission of a lewd act on a child under 14 years of age (§ 288, subd. (a); count 2).  As to count 2, the information alleged Bautista-Castanon had substantial sexual conduct with the victim (§ 1203.066, subd. (a)(8)).

In February 2021, the jury found Bautista-Castanon guilty of both charges and found true the allegation that he had substantial sexual conduct with the victim.

On April 30, 2021, the trial court sentenced Bautista-Castanon to 15 years to life in prison on count 1.  The court did not impose a term for count 2, mistakenly believing no sentence needed to be imposed because the court was staying punishment under section 654.  The court stated that, if it had imposed a term for count 2, it likely would have imposed the upper term.  On May 4, 2021, after realizing it had erred in not imposing a term for count 2, the court issued an order, nunc pro tunc, sentencing Bautista-Castanon to the upper term of eight years on count 2 and staying that punishment under section 654.

---

[1] Because the only issues raised on appeal pertain to sentencing, we provide only a limited recitation of the facts underlying Bautista-Castanon's convictions.

[2] Undesignated statutory references are to the Penal Code.

As to its selection of the upper term for count 2, the court identified several aggravating factors:  (1) the crime "demonstrated a high degree of cruelty and callousness," as Bautista-Castanon "took advantage of his four-year-old niece for sexual gratification," (2) Bautista-Castanon was in a position of trust, left alone with the victim while her parents were at work, (3) the four-year-old victim was vulnerable, (4) the crime involved planning, and (5) Bautista-Castanon had expressed no remorse since being found guilty, indicating he was a "significant danger to the community."  The court found one mitigating factor—Bautista-Castanon had no prior criminal record.  The court determined that, "on balance," the upper term was appropriate.

Bautista-Castanon appealed.

## II. DISCUSSION

### A. *Assembly Bill No. 518's Amendments to Section 654*

The parties agree this court should remand for resentencing in light of Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518), which took effect on January 1, 2022, and amended section 654.  We agree.

Assembly Bill 518 amended section 654, subdivision (a), to provide in relevant part:  "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision."  (Stats. 2021, ch. 441, § 1.)  "Previously, under section 654, 'the sentencing court was required to impose the sentence that "provides for the longest potential term of imprisonment" and stay execution of the other term. [Citation.] . . . [S]ection 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the

3

trial court imposing and executing the shorter sentence rather than the longer sentence.' " (*People v. Jones* (2022) 79 Cal.App.5th 37, 45 (*Jones*).)

The parties agree Bautista-Castanon's sentence is potentially affected by the amendment to section 654. The trial court imposed an indeterminate term of 15 years to life on count 1 and stayed (under section 654) a determinate eight-year term on count 2.

We agree with the parties that Bautista-Castanon, whose convictions are not final, is entitled to retroactive application of the ameliorative changes effected by Assembly Bill 518. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379; see *People v. Vieira* (2005) 35 Cal.4th 264, 305–306 [conviction is not final while appeal is pending].) Remand is necessary for the court to resentence Bautista-Castanon under amended section 654. (*Jones, supra,* 79 Cal.App.5th at p. 45.)

We also agree with the parties that, because of Assembly Bill 518 and other legislative changes we discuss below, a "full resentencing" is appropriate. (*Jones, supra,* 79 Cal.App.5th at p. 46, citing *People v. Buycks* (2018) 5 Cal.5th 857, 893.) "A full resentencing may involve the trial court's revisiting such decisions as the selection of a principal term, whether to stay a sentence, whether to impose an upper, middle, or lower term, and whether to impose concurrent or consecutive sentences." (*Jones,* at p. 46.) In light of the " 'changed circumstances' " (*Buycks,* at p. 893) resulting from the application of the new legislation, the trial court should be free to reconsider all aspects of the sentence.

**B. *Senate Bill No. 567's Revisions to Determinate Triad Sentencing Under Section 1170***

The parties also agree that Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), which amended section 1170 and took effect on January 1,

4

2022, applies retroactively and requires that Bautista-Castanon's sentence be revisited. The parties disagree in part, however, as to what amended section 1170 requires. We agree resentencing is required, and we agree with the Attorney General as to the scope of the necessary proceedings on remand.

"Senate Bill 567 amended section 1170, subdivision (b) to specify that, when a sentencing court chooses a term from a statutory triad, the chosen term shall not exceed the middle term, unless the facts supporting the aggravating circumstances are (1) established by the defendant's stipulation to them, (2) proven to a jury (or to a court, if jury is waived) beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified record of conviction. (Stats. 2021, ch. 731, §§ 1.3, 3(c), adding Pen. Code, § 1170, subd. (b)(1)–(3), by amendment.)" (*Jones*, *supra*, 79 Cal.App.5th at p. 44.) Bautista-Castanon contends the court selected the upper term for count 2 based on grounds that do not meet these requirements.

In addition, Senate Bill 567 "added a provision that requires the court to impose the low term if [the defendant's youth or] the defendant's psychological, physical, or childhood trauma was a contributing factor in the commission of the offense, 'unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice.' (Stats. 2021, ch. 731, § 1.3, adding Pen. Code, § 1170, subd. (b)(6), by amendment; see Stats. 2021, ch. 731, § 3(c).)" (*Jones*, *supra*, 79 Cal.App.5th at p. 44.)[3] As to

---

[3] Bautista-Castanon cites Assembly Bill No. 124 (2021–2022 Reg. Sess.) as having amended Penal Code section 1170 to add this latter provision. As we explained in *Jones*, however, it is Senate Bill 567 that added subdivision (b)(6) to the statute. (Stats. 2021, ch. 731, §§ 1.3, 3(c); *Jones*, *supra*, 79 Cal.App.5th at p. 44, fn. 11.)

5

this latter provision, Bautista-Castanon states that he was 19 years old at the time of the crime,[4] and that he may have experienced childhood trauma.

The parties agree these statutory changes potentially affect Bautista-Castanon's sentence. The court, applying the pre-Senate Bill 567 version of section 1170, imposed (but stayed) the upper term for the count 2 lewd act conviction.

We agree with the parties that Bautista-Castanon, whose convictions are not final, is entitled to retroactive application of the ameliorative changes effected by Senate Bill 567. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) As discussed, we will remand for a full resentencing.[5]

The parties disagree in part as to what should occur on remand. As to the first change to section 1170 that we have discussed above (i.e., the proof requirements for aggravating factors supporting an upper term under section 1170, subdivision (b)(1)–(3)), the parties correctly agree the trial court should allow the prosecution to elect (1) to seek to prove aggravating factors beyond a reasonable doubt to a jury (or to the court, if jury is waived), or (2) to accept resentencing on the existing record. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 468.)[6]

---

[4] A "youth" for purposes of section 1170, subdivision (b)(6) is any person who was under 26 years of age on the date the offense was committed. (§§ 1170, subd. (b)(6)(B), 1016.7, subd. (b).)

[5] In his opening brief, Bautista-Castanon argued this court should impose the lower term for count 2 without remanding the matter, but in his reply brief he agrees we should remand for the trial court to select the term.

[6] We reject Bautista-Castanon's suggestion in his reply brief that a jury proceeding to consider alleged aggravating circumstances must begin within the timeframe applicable to certain proceedings under an unrelated statute, section 1172.6.

The parties diverge, however, as to how the trial court should apply the second change to section 1170 (i.e., the presumption in favor of a lower term that arises under subdivision (b)(6) of the statute when certain circumstances are present).  As noted, if a defendant's youth or trauma contributed to the commission of the present offense, the court must impose the lower term "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice."  (§ 1170, subd. (b)(6).)  If this "interests of justice" exception to the lower term applies (and if the prerequisites for imposing an upper term set forth in subdivision (b)(1)–(3) have not been met), the court may impose the middle term.

Bautista-Castanon suggests that any aggravating circumstances considered by the court in determining whether the lower term would be "contrary to the interests of justice" under section 1170, subdivision (b)(6) (thus permitting imposition of the middle term) must be proved beyond a reasonable doubt to a jury (or to the court, if jury is waived), a requirement he suggests should be borrowed from subdivision (b)(2) of the statute.  We disagree.  Section 1170, subdivision (b)(6) states no such requirement for the equitable balancing determination it entrusts to the trial court.  And subdivision (b)(2) of the statute—the provision requiring proof to a jury beyond a reasonable doubt—is directed by its terms solely to the prerequisites for imposing the *upper term*.  (§ 1170, subd. (b)(2) ["The court may impose a sentence *exceeding the middle term* only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment *exceeding the middle term*, and the facts underlying those circumstances have been stipulated to by the defendant, or have been

7

found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Italics added.)].) We decline to import this requirement into section 1170, subdivision (b)(6) as a prerequisite to imposing the middle term.

## C. *The Trial Court Does Not Have Authority Under Section 1385 To Strike a Factual Finding That Establishes Ineligibility for Probation Under Section 1203.066*

At sentencing, the court noted that, under sections 1203.065 and 1203.066, Bautista-Castanon is ineligible for probation based on his convictions for violating sections 288.7 and 288 and the jury's finding of substantial sexual conduct in connection with the section 288 charge. (§§ 1203.065, subd. (a) [probation prohibited for a person convicted of violating § 288.7], 1203.066, subd. (a)(8) [same for a person who, in violating § 288, "has substantial sexual conduct with a victim who is under 14 years of age"].)

Bautista-Castanon argues that section 1385, as recently amended by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81), allows the court on remand to strike the jury finding under section 1203.066 (which he refers to as an "enhancement") and grant probation. We disagree. Although amended section 1385 will apply at resentencing, it does not authorize the court to strike the section 1203.066 finding or to grant probation here.

Senate Bill 81, which took effect January 1, 2022, amended section 1385 to specify factors a trial court must consider when deciding whether to strike enhancements in the interest of justice; Assembly Bill No. 200 (2021–2022 Reg. Sess.), which took effect June 30, 2022, made minor additional amendments to the statute. (Stats. 2021, ch. 721, § 1, adding subd. (c) to § 1385; Stats. 2022, ch. 58, § 15, amending § 1385, subd. (c).)

8

Subdivision (c)(1) of section 1385 states: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Subdivision (c)(2) provides in part that, "[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of [specified mitigating circumstances] are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."

These requirements "shall apply to all sentencings occurring after January 1, 2022." (§ 1385, subd. (c)(7).) Because the resentencing in this case will take place after January 1, 2022, the new law will apply. (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

But section 1385 does not authorize any trial court action that would make Bautista-Castanon eligible for probation. First, as to the section 288.7, subdivision (b) sexual penetration conviction in count 1, he is ineligible because section 1203.065, subdivision (a) specifies probation may not be granted to anyone convicted of violating section 288.7. (§ 1203.065, subd. (a) ["Notwithstanding any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, a person who is convicted of violating . . . Section 288.7 . . . ."].) Bautista-Castanon does not develop any argument as to what action the court could take under section 1385 that would alter the probation ban set forth in section 1203.065, subdivision (a).

9

Second, as to the section 288, subdivision (a) lewd act conviction in count 2, Bautista-Castanon is ineligible for probation because the jury found true the allegation under section 1203.066, subdivision (a)(8) that he "had substantial sexual conduct with the victim who was under the age of 14." As the Attorney General notes, section 1203.066 both (1) provides that probation may not be granted when such a finding is made, *and* (2) specifies that the finding may not be stricken under section 1385.  Subdivision (a) of section 1203.066 states:  "Notwithstanding Section 1203 or any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, *nor shall a finding bringing the defendant within the provisions of this section be stricken pursuant to Section 1385 for*, any of the following persons:  [¶] . . . [¶] (8) A person who, in violating Section 288 or 288.5, has substantial sexual conduct with a victim who is under 14 years of age." (Italics added.)

Bautista-Castanon does not address section 1203.066, subdivision (a)'s express prohibition on the use of section 1385 to strike a finding of substantial sexual conduct.  In light of that specific prohibition, we reject his contention that on remand the trial court may strike the finding based on section 1385, subdivision (c)'s guidelines about the striking of sentencing enhancements.[7]

## D. *Youth as a Mitigating Factor*

Bautista-Castanon argues that on remand the court should consider his youth as a mitigating factor relevant to discretionary sentencing decisions.

---

[7] We decline to address Bautista-Castanon's suggestion, raised for the first time in his reply brief, that constitutional principles require a different result.

As discussed, we are remanding for a full resentencing. We agree with the Attorney General that, at resentencing, Bautista-Castanon may urge the court to consider any factors in mitigation that he believes are appropriate. (*People v. Whitmore* (2022) 80 Cal.App.5th 116, 132 ["On remand, the parties are free to argue for the term they believe is appropriate under the applicable law."].) We decline Bautista-Castanon's request that we direct the trial court as to the factors it should consider or the weight it should assign to any factor.

## E. *Fines and Fees*

Bautista-Castanon argues some fines and fees imposed by the court at sentencing must be vacated pursuant to section 1465.9, a provision enacted by Assembly Bill No. 1869 (2019–2020 Reg. Sess.) and amended by Assembly Bill No. 177 (2021–2022 Reg. Sess.) and Assembly Bill No. 199 (2021–2022 Reg. Sess.). (Stats. 2020, ch. 92, § 62; Stats. 2021, ch. 257, § 35; Stats. 2022, ch. 57, § 21.) In addition, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, he contends that fines and fees that remain authorized under current law should not be imposed on remand unless he has the ability to pay them.

As to the second point, the parties agree that at resentencing, Bautista-Castanon may argue he is unable to pay certain fines or fees. As to the first point, we agree with the Attorney General that Bautista-Castanon's argument is vague, as he does not clearly specify which fines or fees were imposed by the court but are no longer authorized under current law. But in any event, this issue too may be addressed on remand. We are vacating the sentence. At resentencing, the court may determine which fines and fees may be imposed under current law.

11

**F. *Custody Credits***

At the sentencing hearing on April 30, 2021, the trial court stated Bautista-Castanon was entitled to credit for "1069 actual days plus 160 good time/work time credits for a total of 1229 days credit for time served." Bautista-Castanon argues that, when the court corrected the sentence on May 4, 2021, it should have revised these credit calculations to reflect he had by then spent 1,073 days in custody, rather than 1,069. He urges this court to direct such a recalculation on remand. The Attorney General opposes the request.

The parties' limited briefing on this issue suggests their focus is on determining the date on which sentence was imposed for purposes of section 4019, which directs the application of a specific credit formula "[w]hen a prisoner is confined in a county jail . . . or a city jail . . . following arrest and prior to the imposition of sentence for a felony conviction." (§ 4019, subd. (a)(4); see *In re Martinez* (2003) 30 Cal.4th 29, 31 ["The Penal Code provides that inmates in county jails and state prisons may have their sentences reduced as a reward for their conduct, including work and good behavior. The rate at which inmates accrue credit depends on numerous factors, including whether the confinement is presentence or postsentence."].)

The trial court here imposed sentence on April 30, 2021, and then four days later it corrected an error in the sentence (its initial failure to impose a term for count 2 before staying it under section 654). We decline to recharacterize the court's description of its actions on May 4, 2021 (i.e., that it was "just changing an error" in the sentence). In our view, sentence was imposed on April 30, 2021. Beyond this, we express no opinion as to how credits should be calculated.

## III. DISPOSITION

The convictions are affirmed.  The sentence is vacated, and the case is remanded for resentencing.

STREETER, Acting P. J.

WE CONCUR:

GOLDMAN, J.
WHITMAN, J.*

---

\* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court:  Superior Court of California, County of San Mateo

Trial Judge:  Hon. Elizabeth K. Lee

Counsel:       Judith Kahn, under appointment by the Court of Appeal,
                   for Defendant and Appellant.

                 Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant
                   Attorney General, Jeffrey M. Laurence, Senior Assistant
                   Attorney General, Eric D. Share, Supervising Deputy
                   Attorney General, Karen Z. Bovarnick, Deputy Attorney
                   General, for Plaintiff and Respondent.